IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JASON M. SCHUPP, ON HIS OWN BEHALF AND FOR THE BENEFIT OF OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA GENERAL INDEMNITY COMPANY, USAA CASUALTY INSURANCE COMPANY, AND GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendants. | Case No. 1:22-cv-714 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d), Defendants United Services Automobile Association,[1] USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company (collectively, "USAA") hereby provide notice that the civil action styled *Jason M. Schupp, on his own behalf and for the benefit of other similarly situated v. United States Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company*, Case No. C-10-CV-22-000066 (the "State Court Action"), is being removed from the Circuit Court for Frederick County, Maryland, to the United States District Court for the District of Maryland, Northern Division. The grounds for removal are as follows:

---

[1] Plaintiff improperly named Defendant "United Services Automobile Association" as "United States Automobile Association."

1

## I. STATE COURT ACTION

1. *Pro se* Plaintiff Jason Schupp filed a State Court Action alleging that USAA has systematically overcharged tens of thousands of policyholders since 2009 by improperly taking into account certain accident history. *See* Complaint ("Compl.") at ¶¶ 3, 18, 21-22. He claims 80,000 Maryland policyholders are currently being impacted with average over-charges of $245.70 per policy. *Id.* at ¶ 22. In this putative class action, he seeks declaratory and injunctive relief requiring USAA to re-rate and adjust all Maryland policyholder premiums back to 2009. *Id.* at ¶¶ 5, 69-70, 74.

2. The Complaint was served on the Maryland Insurance Administration (the "Administration") on February 24, 2022.

## II. CLASS ACTION FAIRNESS ACT

3. This Court has jurisdiction over this action pursuant to CAFA, which was enacted by Congress "with the 'intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" S. Rep. No. 109-14, at 35 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 34. CAFA permits removal of class actions filed in state court where: (1) any member of the putative plaintiff class is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (2) the members of the proposed plaintiff class exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and (3) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. §§ 1332(d)(2)). Each of these elements exists here.

### A. Minimal Diversity

4. Plaintiff is a resident of Maryland and, on information and belief, a citizen of the State. Compl. ¶ 9; *see, e.g. SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 693 (E.D. Va. 2011) (explaining that a removal petition containing an allegation regarding

citizenship made upon information and belief is sufficient as a matter of law to allege subject matter jurisdiction).

5. United Services Automobile Association is a reciprocal inter-insurance exchange authorized under laws of the State of Texas with its principal place of business in Texas. It is not a corporation, it has no parent corporation, and is not a publicly traded company. USAA has members in all fifty states, including Maryland.

6. USAA General Indemnity Company is a Texas corporation with its principal place of business in Texas. It is a wholly owned subsidiary of USAA.

7. USAA Casualty Insurance Company ("USAA CIC") is a Texas corporation with its principal place of business in Texas. It is a wholly owned subsidiary of USAA.

8. Garrison Property and Casualty Insurance Company is a Texas corporation with its principal place of business in Texas. It is a wholly-owned subsidiary of USAA CIC.

9. For diversity purposes, under CAFA, a corporation is a citizen of the state of its incorporation and the state where its principal place of business is located. *See* 28 U.S.C. §§ 1332(c)(1) and 1332(d)(10).

10. Because Plaintiff is a citizen of Maryland, and the USAA Defendants are citizens of Texas, the parties are minimally diverse under 28 U.S.C. §§ 1332(d)(2)(A).

### B. Numerosity

11. CAFA provides federal jurisdiction over class actions with at least 100 members of the putative class. Plaintiff purports to represent a class of allegedly "tens of thousands of USAA members." Compl. ¶ 3.

### C. Amount in Controversy

12. To establish jurisdiction under CAFA, the amount in controversy must exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Although USAA disputes Plaintiff's entitlement to any

remedy or damages in any amount, in light of Plaintiff's allegations, the amount in controversy exceeds the $5,000,000 monetary threshold.

13. Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal. *See Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). Where, as here, a complaint does not specify the amount of damages sought, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional" amount in controversy threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Scott v. Cricket Communications, LLC*, 865 F.3d 189, 194 (4th Cir. 2017); 28 U.S.C. § 1446(c)(2)(B). In addition, "'to determine whether the matter in controversy exceeds the sum or value of $5,000,000,' the 'claims of the individual class members shall be aggregated.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013) (quoting 28 U.S.C. §§ 1332(d)(2), (d)(5)).

14. The amount in controversy under CAFA "includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Courts "ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). Here, Plaintiff purportedly seeks to recover for himself and on behalf of a putative class compensatory damages, costs, and declaratory, injunctive, and other relief. *See* Compl. ¶¶ 68-74 and Prayer for Relief.

15. Plaintiff alleges that since August 17, 2009, USAA has overcharged "tens of thousands of USAA members." *Id.* ¶ 3. For the current policy year alone, he claims 80,000

Maryland policies were overcharged an average of $245.70 per policy per year, which adds up to $19,656,000 (80,000 x $245.70). *Id.* at ¶ 22. Plaintiff purports to request on behalf of himself and others similarly situated injunctive relief requiring USAA "to re-rate and adjust the premium previously charged to USAA's Maryland members" going back thirteen years to 2009. *Id*. ¶ 74. Accordingly, the amount Plaintiff seeks to recover thus exceeds the $5,000,000 monetary threshold for the amount in controversy.

16. Plaintiff also seeks "further relief as may be just and proper," which is properly included in the amount in controversy calculation here. *See* Compl. at Prayer for Relief; *see also Fritsch*, 899 F.3d at 793. These additional amounts sought, in conjunction with the other purported damages outlined above, only serve to put Plaintiff's claims further above the $5,000,000 threshold.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

17. This Notice of Removal is timely because it is being filed within thirty days of receipt of service of process and is therefore considered timely pursuant to 28 U.S.C. § 1446(b).

18. Venue is proper in this Court because the United States District Court for the District of Maryland, Northern Division, is the federal judicial district embracing the Circuit Court for Frederick County, Maryland, where Plaintiff filed this action. 28 U.S.C. §§ 108, 1441(a), 1446(a).

19. The undersigned counsel hereby certifies that true and correct copies of all pleadings on file in the State Court Action are being filed contemporaneously herewith as attachments to this Notice of Removal.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court, Frederick County, Maryland.

21. Pursuant to 28 U.S.C. § 1446(d), USAA is providing written notice of the removal of this action to Plaintiff and the Clerk of the Circuit Court for Frederick County, Maryland.

22. By filing this Notice of Removal, USAA does not waive any jurisdictional objection or other defenses available to it at law, in equity, or otherwise.

23. The undersigned counsel for USAA has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

24. The undersigned counsel further states that it represents Defendants United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company, and that each Defendant consents to the removal of this action for purposes of satisfying the requirement of unanimous consent for purposes of removal.

WHEREFORE, USAA hereby removes this action from the Circuit Court for Frederick County, Maryland, to the United States District Court for the District of Maryland, Northern Division.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Laura A. Hunt*
Laura A. Hunt
MD State Bar No. 22364
Laura.hunt@nortonrosefulbright.com
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0200
Facsimile: (202) 662-4643

Adam T. Schramek**
Nathan C. N. Damweber**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Adam.schramek@nortonrosefulbright.com
Nathan.damweber@nortonrosefulbright.com
(512) 474-5201 – tele
(512) 536-4598 – fax

***Pending Pro Hac Vice Admission*

**Counsel for United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company**

## CERTIFICATION PURSUANT TO LOCAL RULE 103(5)(a)

Pursuant to Local Rule 103(5)(a) of the United States District Court for the District of Maryland, the undersigned counsel hereby certifies that true and correct copies of all pleadings on file in the State Court Action are being filed contemporaneously herewith as attachments to this Notice of Removal.

*/s/ Laura A. Hunt*
Laura A. Hunt
MD State Bar No. 22364

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2022, copies of the foregoing were filed via the Court's CM/ECF system and served via U.S. Mail and email on *pro se* Plaintiff in this matter.

*/s/ Laura A. Hunt*
Laura A. Hunt
MD State Bar No. 22364