E-FILED; Frederick Circuit Court
Docket: 2/4/2022 8:01 PM; Submission: 2/7/2022 8:01 PM

## IN THE CIRCUIT COURT FOR FREDERICK COUNTY

C-10-CV-22-000066

| | |
|---|---|
| JASON M. SCHUPP, on his own behalf<br>and for the benefit of others similarly situated,<br>                                   **Plaintiffs**<br>**vs.** | )<br>)<br>)<br>) |
| UNITED STATES AUTOMOBILE ASSOCIATION,<br>                                   **Defendant,** | )<br>)<br>) |
| USAA GENERAL INDEMNITY COMPANY,<br>                                   **Defendant,** | )<br>)<br>) |
| USAA CASUALTY INSURANCE COMPANY,<br>                                   **Defendant,** | )<br>)<br>) |
| **and** | )<br>) |
| GARRISON PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br>                                   **Defendant** | )<br>)<br>) |

Case No. _____

Judge _____

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Jason M. Schupp, on his own behalf and for the benefit all others similarly situated, files

this complaint against Defendants, United Services Automobile Association, USAA General

Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty

Insurance Company (collectively "USAA").

## I. INTRODUCTION

1. Since August 17, 2009, USAA's governance and control over its pricing algorithm for

   Maryland private passenger vehicle insurance has steadily descended into chaos.

2. As a result, for more than a decade USAA has represented one pricing algorithm to its

   members - current and former military members and their families - but has programed a

   very different pricing algorithm into its automated rating system.

1

3. For tens of thousands of USAA members (one of which is Plaintiff) caught in this gap between what USAA represents has been programed into its automated pricing system and what USAA actually programed into its automated pricing system, the results have been financially consequential with current over-charges averaging 10.5% or $245.70 per policy per year.

4. Plaintiff calls upon the equitable powers of this Court to guide USAA to do the right thing for its members in a manner that is expeditious, economical, and fully restorative.

5. Should Maryland's Rules of Civil Procedure require, or should USAA insist upon, a traditional Class Action to achieve a fair and equitable outcome, Plaintiff asks that this Complaint be regarded as a Class Action Complaint with Plaintiff as putative Class Representative so that an amendment may be filed and Class Counsel retained.

## II. JURISDICTION

6. This Court has jurisdiction over subject matter of this action pursuant to Md. Code Ann., Cts. & Jud. Proc. §1-501 and § 3-403.

7. This Court has personal jurisdiction over USAA pursuant Md. Code Ann., Cts. & Jud. Proc. §6-103 as each regularly conducts business in the State of Maryland.

8. This Court has venue pursuant Md. Code Ann., Cts. & Jud. Proc. § 6-201.

## III. PARTIES

9. Plaintiff is a resident of Frederick County, Maryland.

10. Plaintiff is the Founder and Managing Member of the Centers for Better Insurance, LLC, which is a self-funded organization committed to improving the value insurance delivers to all stakeholders.

11. Plaintiff has been a loyal USAA member for more than 30 years beginning with Plebe Year at the United States Merchant Marine Academy at Kings Point, New York.

12. Plaintiff has maintained private passenger vehicle insurance with USAA continuously for many years and is the Named Insured under USAA private passenger vehicle policy 00459-80 60U-7101-4.

13. USAA consists of affiliated property and casualty insurers that together are the 7th largest property and casualty insurance group in the United States writing more than $24 billion in premium annually.

14. USAA is the 5th largest writer of private passenger automobile insurance in the United States with nearly $16 billion in annual premium written and a market share of 6.3%.

15. USAA is the 4th largest personal lines automobile insurer in Maryland with $490 million of premium in 2020 and an 9.3% market share.

16. USAA operates under a common brand, shares the same insurance rating and policy issuance systems, and jointly develops and maintains common rating plans, rating manuals and policy forms.


## IV. STATEMENT OF FACTS

17. Through the Accident Forgiveness endorsement, the Statement of Rate Classifications (required by MD. Insurance Code Ann. § 11-317), and information USAA publishes on its website, USAA promises to its members how it will use the driving record of an insured to compute the premium USAA charges for Maryland private passenger automobile insurance.

18. As more fully alleged herein, since August 17, 2009, USAA has promised to its members that USAA calculates the premium to be charged for Maryland private passenger automobile insurance based on the driving record of the insured excluding:

     a. Not-at-fault accidents;

     b. Non-chargeable at-fault accidents (meaning those resulting in a claim payment of $750 or less);

     c. The first at-fault accident if the policy is amended with the Accident Forgiveness endorsement; and

     d. Accidents and convictions occurring more than 3 years prior.

19. USAA programs its premium calculation methodologies into an automated pricing system that computes the premium to be charged for new and renewal policies of Maryland private passenger vehicle insurance.

20. One of those premium calculation methodologies is the Premier Driver Level (previously named the Premier Driver Discount) ("PDL pricing algorithm").

21. As more fully alleged herein, since August 17, 2009, USAA has programmed its automated pricing system so that the PDL pricing algorithm's analysis of an insured's driving record includes:

     a. Not-at-fault accidents;

     b. Non-chargeable at-fault accidents;

     c. The first non-chargeable at-fault accident even the policy is amended with the Accident Forgiveness endorsement; and

     d. Accidents and convictions occurring more than 3 years prior.

22. Based on Plaintiff's analysis of USAA's data, this discrepancy between the PDL pricing algorithm explained to members and the PDL pricing algorithm USAA has programmed into its automated pricing system currently impacts some 80,000 Maryland policies resulting in an average overcharge of 10.5% or $245.70 per policy per year.

4

***Plaintiff's Experience with the PDL Pricing Algorithm***

*The December 2020 Accident*

23. On December 28, 2020, an insured driver of Plaintiff's 2018 Honda CR-V backed into a basketball pole abutting Plaintiff's driveway resulting in rear-end damage to the vehicle.

24. Shortly thereafter, Plaintiff filed a claim with USAA which was assigned claim number 4598060-003.

25. USAA referred Plaintiff to its preferred repair facility which repaired the vehicle for a total cost of $525.15.

26. After application of policy's $500 deductible, USAA paid the repair shop $25.15 under the collision coverage of the policy.

27. Under the PDL pricing algorithm this accident is considered a non-chargeable at-fault accident.

*The December 2021 Accident*

28. On December 27, 2021, an insured driver of Plaintiff's 2019 Mazda CX-5 was struck in the rear while stopped waiting to enter a traffic circle resulting in rear-end damage to the vehicle.

29. Shortly thereafter, Plaintiff filed a claim with USAA which was assigned claim number 459806-006.

30. USAA referred Plaintiff to its preferred repair facility which estimated the total cost to repair the vehicle at $920.66.

31. After application of policy's $500 deductible, USAA paid the repair shop $420.66 under the collision coverage of the policy.

32. Under the PDL pricing algorithm, this accident is considered a not-at-fault accident.

*The Notice of Premium Increase*

33. On January 14, 2022, Plaintiff received by U.S. mail a Notice of Premium Increase from USAA relating to the upcoming March 12, 2022, policy renewal.

34. The notice informed Plaintiff that the 6-month premium would increase by $128.91 (13.08%).

35. The notice explained the reason for the premium increase as:

> Increase of Premier Driver Level and the incidents causing the increase in PDL

| | | |
|---|---|---|
| 12/28/20 | Accident | At-fault, backing |
| 12/27/21 | Accident | Not-at-fault, Rear-ending |

36. Despite the Accident Forgiveness endorsement promising to forgive one at-fault accident from the determination of any premium increase, the PDL pricing algorithm USAA programed into its automated rating system applied the 12/28/20 at-fault accident in an insured's driving record to increase Plaintiff's renewal premium by 13%.

37. Despite USAA's promise to Plaintiff and representations to the Maryland Insurance Administration that not-at-fault accidents are excluded from premium determinations, the PDL pricing algorithm USAA programed into its automated rating system applied the 12/27/21 not-at-fault accident to increase Plaintiff's renewal premium by 13%.

38. As a loyal USAA member, Plaintiff paid to renew the USAA policy at the premium amount demanded by USAA.

39. As a former insurance company Compliance Officer and a current advocate for a transparent, value-based, and ethical insurance industry, Plaintiff went about investigating this discrepancy between how USAA claims it calculates private passenger vehicle insurance premium and how it has programed its automated rating system to do so.

6

*Catastrophic Breakdown of USAA's Governance and Control over Pricing Algorithms*

40. Plaintiff's investigation has revealed that beginning on August 17, 2009, USAA has progressively lost governance and internal control over its pricing algorithms for Maryland private passenger vehicle insurance.

41. This catastrophic breakdown in governance and control has led to compounding and cascading errors in the pricing algorithms USAA has programed into its automated rating system.

42. As a result of these compounding and cascading errors in the pricing algorithms USAA has programed into its automated rating system, USAA has promised its members that it will not price a Maryland private passenger vehicle insurance policy based on certain non-chargeable at-fault accidents, not-at-fault accidents, forgiven accidents, and certain chargeable at-fault accidents and convictions - but programed its automated rating system to price Maryland private passenger vehicle insurance policies on those very elements of an insured's driving record.

43. Because USAA calculates all Maryland private passenger vehicle insurance pricing through a common automated rating system, USAA's failure of governance and internal control over the programing of its pricing algorithms has caused and will – until ordered to stop by this Court - continue to cause systematic, widespread, and long-term over-charging of premium for tens of thousands of Maryland policyholders every year.

*The PDL Pricing Algorithm and the Accident Forgiveness Endorsement*

*(August 17, 2009 – Present)*

44. The Accident Forgiveness endorsement attached to many USAA private passenger vehicle insurance policies issued in Maryland promises that:

> If you or any family member shown as an operator on the Declarations [i]s involved in an at-fault accident that occurs after the effective date of this endorsement, we will waive any premium increase under this policy that would otherwise be applied for the first such at-fault accident.
>
> ***
>
> We will waive the premium increase for only one at-fault accident per policy period, regardless of the number of operators shown on the Declarations.

45. Since August 17, 2009, and continuing to the present, USAA had filed with the Maryland Administration and distributed to policyholders a Statement of Rate Classifications which promises in part that:

> **INFORMATION USED TO DETERMINE PREMIUMS IN MARYLAND**
>
> This form is designed to help you understand what information is used to determine the premium you pay for each private passenger vehicle we insure.
>
> ***
>
> We won't charge additional premium for an at-fault accident if:
>   1. You have had a policy with us for at least five years and no operator currently on the policy has had an accident over the location's dollar threshold during the past five years; OR
>   2. A premium is shown on the policy Declarations for Accident Forgiveness.

46. On its website, USAA promises to customers that:

> **Accident Forgiveness**
>
> Stop a future accident from increasing your premium. This feature applies to only one at-fault accident per policy at a time.
>
> ***
>
> If you stay accident-free for five years at USAA, this coverage prevents your premium from going up after one at-fault accident.
> Coverage descriptions are brief and subject to the terms and conditions of your policy. Policy limits apply. Refer to your policy for details.

8

47. Yet, throughout this period USAA has programed the PDL pricing algorithm to count all non-chargeable at-fault accidents in computing the Premier Driver Discount and Premier Driver Level even where the policyholder has purchased or earned the Accident Forgiveness endorsement that promises to waive any premium increase resulting from the first at-fault accident during the policy period.

48. As a result of this discrepancy in the treatment of the Accident Forgiveness endorsement between the PDL pricing algorithm USAA promised to policyholders and the PDL pricing algorithm USAA programmed into its automated rating system, many tens of thousands of Maryland policyholders have erroneously lost eligibility for the Premier Driver Discount (valued at 5% - 15% of total policy premium) or were assigned an erroneous Premier Driver Level (with an average impact of 10.5% of total policy premium).

### The PDL Pricing Algorithm and Not-At-Fault Accidents
#### (November 27, 2020 – Present)

49. During the period of November 27, 2020, to present, USAA has promised its policyholders that not-at-fault accidents do not affect the amount of premium a USAA policyholder is charged.

50. For example, USAA's website contains the following promise:

**Accidents and Tickets**

\*\*\*

**- Will accidents that are not my fault affect my rates?**

Not usually. If we agree you had no responsibility for an accident, your premium won't be affected by an accident that isn't your fault.

51. After USAA submitted the PDL pricing algorithm to the Maryland Insurance Administration for review and approval on May 13, 2020, the Maryland Insurance Administration requested USAA to provide "full documentation" of the PDL pricing algorithm.

52. On June 23, 2020, USAA responded to the Maryland Insurance Administration that the PDL pricing algorithm only considers at-fault accidents:

> **PREMIER DRIVER LEVEL:**
> Premier Driver Level assignment is based on total number of accidents and convictions for all operators on the policy.
>
> ***
>
> One Level will be added if there is a total of two or more other At-Fault accidents with BI, PD or Collision paid claims ≥$1 within the previous five years.

53. Yet, throughout this period, USAA programed the PDL pricing algorithm to assign an adverse Premier Driver Level (resulting in an average premium increase of 10.5%) if the policyholder had two or more not-at-fault accidents (or one not-at-fault accident and one non-chargeable at-fault accident) resulting in paid claims during the prior three-year period.

54. As a result of this discrepancy in the treatment of not-at-fault accidents between the PDL pricing algorithm USAA promised to policyholders and the PDL pricing algorithm USAA programmed into its automated rating system, many tens of thousands of Maryland policyholders were assigned an erroneous Premier Driver Level (with an average impact of 10.5% of total policy premium).

***The PDL Pricing Algorithm and Not-At-Fault Accidents***

*(August 17, 2009 – November 26, 2020)*

55. Between August 17, 2009, and November 26, 2020, USAA promised to policyholders that USAA did not consider not-at-fault accidents in determining premium.

56. Specifically, during this time USAA had filed with the Maryland Administration and distributed to policyholders a Statement of Rate Classifications which promising in part:

> **INFORMATION USED TO DETERMINE PREMIUMS IN MARYLAND**
> This form is designed to help you understand what information is used to determine the premium you pay for each private passenger vehicle we insure.
> \*\*\*
> Your driving record includes convictions and accidents. We may charge an additional premium for a moving motor vehicle convictions and at-fault accidents occurring within three years of the policy issue or renewal date.

57. Yet, during this time, USAA had programed the PDL pricing algorithm to disqualify a policy from the Premier Driver Discount (valued at 5% - 15% of policy premium) if:

    a. A new policyholder had one or more not-at-fault accidents resulting in a paid claim during the prior five-year period; or

    b. A renewal policyholder had two or more not-at-fault accidents (or one at-fault accident and one non-chargeable not-at-fault accident) resulting in paid claims during the prior five-year period.

58. As a result of this discrepancy in the treatment of not-at-fault accidents between the PDL pricing algorithm USAA promised to policyholders and the PDL pricing algorithm USAA programmed into its automatic rating system, many tens of thousands of Maryland policyholders erroneously lost eligibility for the Premier Driver Discount (valued at 5% - 15% of total policy premium).

11

### The PDL Pricing Algorithm and Non-Chargeable At-Fault Accidents

*(August 17, 2009 – November 26, 2020)*

59. According to USAA's rating manual, a chargeable at-fault accident is an at-fault accident that results in a claim payment by an insurer of more than $750.

60. Between August 17, 2009, and November 26, 2020, USAA promised to policyholders that USAA only considered chargeable at-fault accidents in determining premium.

61. Specifically, during this time USAA had filed with the Maryland Administration and distributed to policyholders a Statement of Rate Classifications which promised in part:

> **INFORMATION USED TO DETERMINE PREMIUMS IN MARYLAND**
> This form is designed to help you understand what information is used to determine the premium you pay for each private passenger vehicle we insure.
> \*\*\*
> Your driving record includes convictions and accidents. We may charge an additional premium for a moving motor vehicle convictions and at-fault accidents occurring within three years of the policy issue or renewal date.
> \*\*\*
> At-fault accident - An accident involving an insured driver on the policy who is primarily responsible for the accident and for which an insurer paid a claim for property and/or collision damage in excess of $750.

62. Yet, throughout this period, USAA had programed the PDL pricing algorithm to disqualify a policy from the Premier Driver Discount (valued at 5% - 15% of policy premium) if:

    a.    A new policyholder had one or more non-chargeable at-fault accidents during the prior five-year period; or

    b.    A renewal policyholder had two or more non-chargeable at-fault accidents (or a non-chargeable at-fault accident and a not-at-fault accident) resulting in paid claims during the prior five-year period.

63. As a result of this discrepancy in the treatment of non-chargeable at-fault accidents between the PDL pricing algorithm USAA promised to policyholders and the PDL pricing algorithm USAA programmed into its automated rating system, many tens of thousands of Maryland policyholders erroneously lost eligibility for the Premier Driver Discount (valued at 5% - 15% of total policy premium).

### The PDL Pricing Algorithm and the Look-Back Period
#### (August 17, 2009 – November 26, 2020)

64. Between August 17, 2009, and November 26, 2020, USAA promised to policyholders that USAA only evaluated driving record data for the <u>prior 3 years</u>.

65. Specifically, USAA filed with the Maryland Administration and distributed to policyholders a Statement of Rate Classifications which promised in part:

> **INFORMATION USED TO DETERMINE PREMIUMS IN MARYLAND**
>
> This form is designed to help you understand what information is used to determine the premium you pay for each private passenger vehicle we insure.
>
> ***
>
> Your driving record includes convictions and accidents. We may charge an additional premium for a moving motor vehicle convictions and at-fault accidents occurring within three years of the policy issue or renewal date.

66. Yet, during this time USAA had programed the PDL pricing algorithm in its automated rating system to evaluate driving record data for the <u>prior 5 years</u>.

67. As a result of this discrepancy in the look-back period between the PDL pricing algorithm USAA promised to policyholders and the PDL pricing algorithm USAA programmed into its automated rating system, many tens of thousands of Maryland policyholders erroneously lost eligibility for the Premier Driver Discount (valued at 5% - 15% of total policy premium).

## V. CAUSES OF ACTION

### Count I

### (Declaratory Judgement)

68. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 67, inclusive.

69. There exists an actual controversy between USAA and the tens of thousands of its Maryland members, including Plaintiff, that have been promised exclusion of certain elements of an insured's driving record that USAA has erroneously programed into the PDL pricing algorithm in USAA's automated rating system since August 17, 2009.

70. Plaintiff seeks a declaration of rights with respect to USAA's promise to exclude certain elements of an insured's driving record in pricing Maryland private passenger automobile insurance contracts effective on or after August 17, 2009.

WHEREFORE, Plaintiff requests this Court enter a declaratory judgment declaring that USAA is bound by the terms of its promise to exclude the following elements from an insured's driving record in determining the premium charged for a contract of Maryland private passenger automobile insurance:

    a. On or after August 17, 2009, non-chargeable at-fault accidents where the policy is amended with the Accident Forgiveness endorsement;

    b. On or after August 17, 2009, not-at-fault accidents;

    c. For the period of August 17, 2009, to November 26, 2020, non-chargeable at-fault accidents; and

    d. For the period of August 17, 2009, to November 26, 2020, a look back period for the insured's driving record of more than three years.

14

## Count II

## (Permanent Injunction)

71. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 67, inclusive.

72. USAA has broken and continues to break its promise to its Maryland members, including Plaintiff, to exclude certain elements of an insured's driving record in the determination of premium to charge for private passenger automobile insurance contracts since August 17, 2009.

73. The public interest is best served by enjoining USAA from continuing to break its promise to exclude from the determination of Maryland premium charged for private passenger automobile insurance contracts:

    a. Non-chargeable at-fault accidents where the policy is amended with the Accident Forgiveness endorsement; and

    b. Not-at-fault accidents.

74. The public interest is best served by directing and enjoining USAA to re-rate and adjust the premium previously charged to USAA's Maryland members that erroneously contemplated:

    a. On or after August 17, 2009, non-chargeable at-fault accidents where the policy is amended with the Accident Forgiveness endorsement;

    b. On or after August 17, 2009, not-at-fault accidents;

    c. For the period of August 17, 2009, to November 26, 2020, non-chargeable at-fault accidents; and

    d. For the period of August 17, 2009, to November 26, 2020, a look back period for the insured's driving record of more than three years.

WHEREFORE, Plaintiff requests this Court enter an Order permanently enjoining USAA from using an insured's driving record in accordance with the Declaration requested in Count I and directing USAA to re-rate and adjust the premium charged for Maryland private passenger automobile insurance contracts in accordance with the Declaration requested in Count I.

Plaintiff further requests he be granted an award of costs and that the Court order such other and further relief as may be just and proper.

Respectfully submitted this the 4th day of February 2022,


_____/s/ Jason M. Schupp_____
Jason M. Schupp (CPF No. 9512140135)
9006 Bush Creek Circle
Frederick, Maryland 21704
240-357-8914
jason.schupp@betterins.org