IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JASON M. SCHUPP, ON HIS OWN BEHALF AND FOR THE BENEFIT OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA GENERAL INDEMNITY COMPANY, USAA CASUALTY INSURANCE COMPANY, AND GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendants. | Case No. 1:22-cv-714 |

### DEFENDANTS' JOINT STATEMENT REGARDING REMOVAL

Defendants United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company (collectively, "USAA") submit the following Removal Statement pursuant to this Court's Standing Order 2021-13, Dkt. 6.

**I.   The date(s) on which each defendant was served with a copy of the summons and complaint.**

The Maryland Insurance Administration was served on behalf of United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company on February 24, 2022.

**II.   In actions predicated on diversity jurisdiction, an indication of whether any defendants who have been served are citizens of Maryland, and, for any entity that is not a corporation, the citizenship of all members.**

USAA removed Plaintiff's state court action pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d). In addition to the requirements that members of a putative class exceed 100 and the aggregate amount

in controversy exceeds $5,000,000, CAFA permits removal of class actions filed in state court where any member of the putative plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A)). For diversity purposes under CAFA, a corporation is a citizen of the state of its incorporation and the state where its principal place of business is located, and an unincorporated association is deemed to be a citizen of the state in which it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. §§ 1332(c)(1) and 1332(d)(10).

United Services Automobile Association is a reciprocal inter-insurance exchange authorized under laws of the State of Texas with its principal place of business in Texas. Under CAFA, it is solely a citizen of Texas. It is not a corporation, it has no parent corporation, and is not a publicly traded company.

USAA General Indemnity Company is a Texas corporation with its principal place of business in Texas. Under CAFA, it is solely a Texas citizen. It is a wholly owned subsidiary of USAA.

USAA Casualty Insurance Company ("USAA CIC") is a Texas corporation with its principal place of business in Texas. Under CAFA, it is solely a Texas citizen. It is a wholly owned subsidiary of USAA.

Garrison Property and Casualty Insurance Company is a Texas corporation with its principal place of business in Texas. Under CAFA it is solely a Texas citizen. It is a wholly-owned subsidiary of USAA CIC.

Plaintiff is a citizen of Maryland. Under CAFA, Defendants are solely citizens of Texas. Accordingly, the parties are minimally diverse and federal jurisdiction exists under 28 U.S.C. §§ 1332.

III. **If removal takes place more than thirty (30) days after any defendant was first served with a copy of the summons and complaint, the reasons why removal has taken place at this time and the date on which the defendant(s) was (were) first served with a paper identifying the basis for such removal.**

Not applicable. USAA timely removed Plaintiff's state court complaint within 30 days of service of Plaintiff's summons and complaint.

IV. **In actions removed to this Court predicated on diversity jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons why this action should not be summarily remanded to state court.**

Not applicable. Plaintiff's state court complaint purports to show that Plaintiff filed his complaint on February 7, 2022.

V. **Identification of any defendant who was served in the state court action prior to the time of removal who did not formally join in the notice of removal and the reasons why such defendant did not join.**

Not applicable. As USAA stated in its Notice of Removal, each defendant has consented to removal of this action for purposes of satisfying the requirement of unanimous consent for purposes of removal. Dkt. 1 ¶ 24. USAA further states that each defendant is represented by the undersigned counsel and that this statement is being filed jointly on behalf of all defendants.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Laura A. Hunt*
Laura A. Hunt
MD State Bar No. 22364
Laura.hunt@nortonrosefulbright.com
799 9th Street NW, Suite 1000
Washington, DC 20001
Telephone: (202) 662-0200
Facsimile: (202) 662-4643

Adam T. Schramek**
Nathan C. N. Damweber**
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701

                                        Adam.schramek@nortonrosefulbright.com
                                        Nathan.damweber@nortonrosefulbright.com
                                        (512) 474-5201 – tele
                                        (512) 536-4598 – fax

                                        *\*\*Admitted Pro Hac Vice*

                                        ***Counsel for United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 4<sup>h</sup> day of April, 2022, copies of the foregoing were filed via the Court's CM/ECF system and served via email on *pro se* Plaintiff pursuant to his consent in this matter.

                                        */s/ Laura A. Hunt*
                                        Laura A. Hunt
                                        MD State Bar No. 22364