IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JASON M. SCHUPP, ON HIS OWN BEHALF AND FOR THE BENEFIT OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA GENERAL INDEMNITY COMPANY, USAA CASUALTY INSURANCE COMPANY, AND GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendants. | Case No. 1:22-cv-714 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company (collectively, "USAA") respectfully submit this Opposition to Plaintiff Jason M. Schupp's Motion to Remand, Dkt. No. 13, and in support thereof, respectfully show as follows:

I.  **INTRODUCTION AND BRIEF FACTS**

USAA properly removed Plaintiff's class action complaint to this Court pursuant to the Class Action Fairness Act ("CAFA"). The lawsuit is clearly a class action, having been filed on behalf of Plaintiff both individually *and for the benefit of others similarly situated*. He seeks class-wide declaratory and injunctive relief on behalf of tens-of-thousands of USAA's insureds and asks the Court to appoint him the class representative. Plaintiff even asks the Court that his complaint "be regarded" a class action and he be considered the putative class representative so he can obtain the class-wide relief he seeks. While he now attempts to argue his lawsuit is "not a class action," Plaintiff cannot divest the Court of jurisdiction by attempting to disavow his class allegations in

1

motion practice. Plaintiff's suggestion that he could obtain class-wide relief in an individual lawsuit under the doctrine of "offensive non-mutual collateral estoppel" is mistaken. This Court should deny Plaintiff's Motion to Remand.

## II. ARGUMENT AND AUTHORITIES

### A. This Court has jurisdiction over Plaintiff's Complaint

USAA properly removed Plaintiff's lawsuit pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and the Class Action Fairness Act, Pub. L. 109-2, codified at 28 U.S.C. § 1332(d). CAFA vests the district court with original jurisdiction of any class action where (1) any member of the putative plaintiff class is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (2) the members of the proposed plaintiff class exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and (3) the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. §§ 1332(d)(2)). As USAA stated in its Notice of Removal, each of these elements exists here.

#### 1. This Court need only consider Plaintiff's Complaint and USAA's Notice of Removal in its inquiry into removal of the lawsuit

As a preliminary matter, the United States Supreme Court has held that "[f]or jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court' . . . ." *Stand. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (*citing Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 390 (1998); *see also St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ). "Consistent with [CAFA's] statutory text," federal courts "evaluate the 'substance and essentials' [of a complaint] when deciding whether a state cause of action is filed under a state law similar to a 'class action' under CAFA." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 854 (9th Cir. 2020); *see also Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) ("In order to determine whether the CAFA jurisdictional

2

requirements are satisfied, a court evaluates allegations in the complaint and a defendant's notice of removal.")  Here, the "substance and essentials" of Plaintiff's allegations in his complaint is a class action seeking class-wide relief.

## 2. Plaintiff's Complaint is clearly a class action complaint

Plaintiff's sole basis for remand is his contention that his state court complaint is not a class action, meaning CAFA does not apply.  Mot. to Rem. at p. 1.  However, the labels Plaintiff applies to (or omits from) his claims are irrelevant.  CAFA's legislative history dictates that CAFA applies to all cases seeking class relief, not just lawsuits labeled as such. *See* S. REP. 109-14, 35, 2005 U.S.C.C.A.N. 3, 34.  Indeed, the Legislature explicitly stated that "the definition of 'class action' is to be interpreted liberally," and "[i]ts application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority." *Id*.  Rather, "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying the[] provisions [of CAFA]." *Id.*  While Plaintiff's lawsuit is clearly a class action, *at a minimum*, his lawsuit "resembles" a class action.

A class action is "[a] lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group . . . ." Black's Law Dictionary 284 (11th ed. 2019).  Pursuant to CAFA, a class action is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  "A state statute or rule is 'similar' to Federal Rule of Civil Procedure 23 if it closely resembles Rule 23 or is like Rule 23 in substance or in essentials." *W. Virginia ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169, 174 (4th Cir. 2011) (citing Merriam–Webster's Collegiate Dictionary, 1161 (11th ed. 2007)).  Here, Maryland Rule 2-231 is substantially similar to Rule 23 and

authorizes an action to be brought by one or more representative persons as a class action. *Compare* Fed. R. Civ. P. 23 (b) to Md. Rules, Rule 2-231.

On its face, Plaintiff's lawsuit falls squarely within these definitions. Plaintiff captioned and filed his lawsuit *on his own behalf and for the benefit of others similarly situated* alleging that USAA has systematically overcharged tens of thousands of policyholders since 2009 by improperly taking into account certain accident history in its pricing algorithm. *See* Compl. at Intro, ¶¶ 3, 18, 21-22. Plaintiff claims that USAA's alleged acts or omissions have affected "tens of thousands of USAA members (***one*** of which is Plaintiff)," *Id.* ¶ 3 (emphasis added), and "currently impacts some 80,000 Maryland policies resulting in an average overcharge of 10.5% or $245.70 per policy per year." *Id*. ¶ 22. He alleges numerous times that *"*many tens of thousands of Maryland policyholders" have erroneously lost eligibility for USAA's clean driver discount. *Id*. ¶¶ 48, 54, 58, 63, 67. He alleges further that USAA has "over-charg[ed] [] premium for tens of thousands of Maryland policyholders every year." *Id.* ¶¶ 43. Plaintiff states that there "exists an *actual controversy* between USAA *and the tens of thousands of its Maryland members*, including Plaintiff," and seeks a declaration of rights on behalf of himself and others similarly situated going back to 2009. Compl. at Count I (emphasis added). Similarly, in his request for injunctive relief, Plaintiff alleges that USAA has "broken and continues to break its promise to its Maryland members, including Plaintiff." *Id*. at Count II, ¶ 67. He requests that the court "direct" USAA to re-rate and adjust its premiums for tens of thousands of members going back to 2009. *Id*.

Moreover, Plaintiff even asks the Court to consider his Complaint a class action complaint and that he be appointed "putative Class representative." As he states in his Complaint:

> Should Maryland's Rules of Civil Procedure require, or should USAA insist upon, a traditional Class Action to achieve a fair and equitable outcome, **Plaintiff asks**

4

> ***that this Complaint be regarded as a Class Action Complaint with Plaintiff as putative Class Representative*** so that an amendment may be filed and Class Counsel retained.

*Id*. ¶ 5. Here, because USAA has "insisted upon" a class action by removing Plaintiff's lawsuit to this Court, Plaintiff explicitly requested that his Complaint be "regarded as a Class Action Complaint with [Plaintiff] as putative Class Representative." *Id*.

Even in his Motion to Remand, Plaintiff essentially admits that his lawsuit is a class action. For example, he states that he has "commenced a Request for Proposal (RFP) process to identify potential class counsel . . ." Mot. to Remand at p. 3. He also states that his "prayer" is for a "***broad-based*** declaration and injunction," *id*. p. 4 (emphasis added), that USAA's alleged error affected "tens of thousands or perhaps hundreds of thousands of other motor vehicle insurance policies issued by Defendants to their Maryland policyholders over the span of more than a decade," *id*. p. 6, and that his complaint involves "identical issues" for USAA members. *Id.* p. 5.

Simply put, although he does not explicitly cite the procedural rule, Plaintiff brings his claims on behalf of himself "and for the benefit of others" under Maryland's equivalent of Rule 23, Maryland Rule 2-231. While USAA contests that class treatment is appropriate, regardless of the labels Plaintiff attempts to put on his lawsuit, his complaint alleges the proper factors under Maryland Rule 2-231. Specifically, he pleads requisite numerosity, *see* Compl. at Intro and ¶¶ 2, 3, 18, 21-22 (USAA's alleged acts or omissions have affected "tens of thousands of USAA members"); that there are common questions of law or fact, *see id*.; *see also, e.g., id*. ¶¶ 67, 72 (alleging USAA broke its promise to "tens of thousands of its Maryland members, including Plaintiff" based on the same factual allegations); that his claims are typical of insureds' on whose behalf he seeks redress, *see id*; *see also* Mot. to Rem. at p. 5 (stating complaint involves "identical issues"); and that he adequately represents a putative class, *see* Compl. at Intro and ¶¶ 2, 3, 18, 21-22*.; see also, e.g., id*. ¶¶ 69 (seeking adjudication of a "controversy between USAA and the tens

of thousands of its Maryland members, including Plaintiff"); *id.* ¶ 5 (requesting appointment as "putative Class Representative"); *see also* Md. Rules, Rule 2-231 (b).  For the same reasons, Plaintiff also purports to claim that questions of law or fact would predominate over individual questions.  *See id*; *see also* Md. Rules, Rule 2-231(c).[1]  Indeed, the relief Plaintiff seeks is clearly class wide and can only be sought through Rule 23 or the Maryland equivalent thereof.

It is also worth mentioning that Plaintiff's reliance on *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc*., 646 F.3d 169, 174 (4th Cir. 2011), cert. denied 565 U.S. 1059 (2011) in support of his remand argument is misplaced.  Mot. to Remand p. 1-2.  There, the Attorney General of West Virginia filed an enforcement action on behalf of the State against pharmaceutical companies arising exclusively under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), which authorizes the Attorney General to bring enforcement actions against violators.  *Id*. at 175. The court held that CAFA did not clearly demand that West Virginia's action against pharmacies, which essentially was "classic *parens patriae*" type of action for enforcement of its own laws on behalf of itself and its citizens, be removed to federal court.  *Id*. at 172.  The court found that the consumer protection statutes on which the Attorney General relied for his claims "contain virtually none of the essential requirements for a Rule 23 class action," noting further that the "Attorney General is not designated as a member of the class whose claim would be typical of the claims of class members," but rather "is authorized to file suit independently of

---

[1] Stated differently, Plaintiff's suit is a class action because he purports to be a member of a class, he alleges his claims are typical of his class, and he possesses the same interest and suffered the same injury as the class on whose behalf he filed his lawsuit. *See McGraw,* 646 F.3d at 176 ("A class action is an action filed by an individual *as a member of a class* and whose claim is typical of the class members' claims. Thus, for a representative suit to be a class action, the representative party 'must be part of the class and 'possess the same interest and suffer the same injury' as the class members.'") (emphasis in original) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, (1977))); *see also Broussard v. Meineke Disc. Muffler Shops, Inc*., 155 F.3d 331, 338 (4th Cir. 1998).

any consumer complaints, as a *parens patriae*," and that "neither the Pharmacy Act nor the WVCCPA contains any numerosity, commonality, or typicality requirements, all of which are essential to a class action." *Id.* at 175–76 (4th Cir. 2011) (citations omitted).

Here, Plaintiff is an individual policyholder, not a regulator with regulatory enforcement powers under state law. The *McGraw* court noted that "[a] class action is an action filed by an individual as a member of a class and whose claim is typical of the class members' claims," and "[t]hus, for a representative suit to be a class action, the representative party must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Id.* (citations and punctuation omitted) (emphasis removed). This is exactly the basis for Plaintiff's claims here.

Similarly distinguishable are the cases outside of this jurisdiction on which Plaintiff relies, most of which are also *parens patriae* cases. *See* Mot. to Remand at p. 2 (citing *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 212 (2d Cir. 2013) (holding "*parens patriae* suits are not removable as 'class actions' under CAFA."); *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3rd Cir. 2013) (action was originally brought pursuant to Rule 2152 of the Pennsylvania Rules of Civil Procedure, which allows suits on behalf of an unincorporated association to be prosecuted by its members); *Nessel v. Amerigas Partners, L.P.*, 954 F.3d 831, 836-37 (6th Cir. 2020) (regarding *parens patriae* suit brought by state attorney general alleging violations of Michigan Consumer Protection Act); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121-24 (9th Cir. 2014) (discussing *parens patriae* cases and holding that suit brought under California Labor Code Private Attorneys General Act of 2004 are not class actions under state law, "chiefly because the statutory suits are essentially law enforcement actions."). These cases are simply not relevant here.

### 3. Plaintiff's Collateral Estoppel Argument Lacks Merit and Does Not Amend His Complaint

A plaintiff cannot disavow a class action after it is filed and removed. *See, e.g., Badeaux v. Goodell*, 358 F. Supp. 3d 562, 570 (E.D. La. 2019) (finding plaintiffs' "jurisdictional gamesmanship" in submitting post-removal affidavit in which he affirmed that he did not seek to certify a class action "[was] to no avail."). And Plaintiff's argument that he can obtain class-wide relief through the doctrine of "non-mutual collateral estoppel" in an individual action is meritless. Collateral estoppel applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Colandrea v. Wilde Lake Community Ass'n, Inc.*, 761 A.2d 899, 907 (Md. 2000) (citation omitted). Plaintiff states that "[t]he doctrine of non-mutual collateral estoppel developed to promote judicial economy where a new litigant engages with another that previously had a full and fair opportunity for judicial resolution of an issue to both the prior and current actions and lost." Mot. to Remand p. 4 (citing *Parklane Hosiery Company, Inc v. Shore*, 439 U.S. 322, 326-328 (1979). In other words, Plaintiff suggests that if he were to prevail in getting his policies re-rated and premiums refunded, other policyholders in the future who file suit may be able to assert collateral estoppel as to some of the issues he litigated.

This Court need not concern itself with the nuances of a theoretical application of this collateral estoppel doctrine at some future point in some other lawsuit. Plaintiff's argument is premised on every policyholder in Maryland subsequently filing individual lawsuits. That is not the lawsuit he filed. Plaintiff asks the Court to direct USAA to re-rate and adjust the premium previously charged to tens of thousands of USAA's Maryland members going back to 2009. Plaintiff can only obtain class-wide relief in a class action.

## III. <u>CONCLUSION</u>

Plaintiff's Complaint seeks class-wide relief that is only available under Federal Rule 23 or its Maryland equivalent. USAA properly removed this case under CAFA and this Court has jurisdiction.

    Respectfully submitted,

    NORTON ROSE FULBRIGHT US LLP

    */s/ Laura A. Hunt*
    Laura A. Hunt
    MD State Bar No. 22364
    Laura.hunt@nortonrosefulbright.com
    799 9th Street NW, Suite 1000
    Washington, DC 20001
    Telephone: (202) 662-0200
    Facsimile: (202) 662-4643

    Adam T. Schramek**
    Nathan C. N. Damweber**
    98 San Jacinto Blvd., Suite 1100
    Austin, Texas 78701
    Adam.schramek@nortonrosefulbright.com
    Nathan.damweber@nortonrosefulbright.com
    (512) 474-5201 – tele
    (512) 536-4598 – fax

    **Admitted Pro Hac Vice*

    ***Counsel for United Services Automobile Association, USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2022, copies of the foregoing were filed via the Court's CM/ECF system and served via email on *pro se* Plaintiff pursuant to his consent in this matter.

                                                     */s/ Laura A. Hunt*
                                                    Laura A. Hunt
                                                    MD State Bar No. 22364