IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JASON SCHUPP, *Plaintiff*, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., *Defendants*. | Civil No. 1:22-cv-00714-JRR |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Jason M. Schupp's Motion for Remand (ECF No. 13) and Defendant United Services Automobile Association's ("USAA")[1] Motion to Dismiss (ECF No. 20). The court has reviewed all submissions on both motions. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the court will issue an accompanying order granting the Motion for Remand and denying the Motion to Dismiss as moot.

**I.     Background**

Jason M. Schupp brought this *pro se* action against USAA for allegedly charging customers higher premiums than advertised. (ECF No. 3, Complaint.) The company purportedly told customers it would not increase their premiums if they were involved in certain types of accidents—such as no-fault accidents and at-fault accidents under $750. (*Id.* ¶¶ 17-18.) USAA,

---

[1] Schupp also named several of USAA's corporate affiliates, such as USAA General Indemnity Company, USAA Casualty Insurance Company, and Garrison Property and Casualty Insurance Company. The court refers to the defendants collectively as "USAA."

however, allegedly programmed its pricing algorithm to consider those types of accidents, which ultimately increased the rates for some customers. (*Id.* ¶¶ 21-22.) This discrepancy "impacts some 80,000 Maryland policies resulting in an average overcharge of 10.5% or $245.70 per policy per year," according to Schupp. (*Id.* ¶ 22.) Schupp, a USAA customer, is one of those Marylanders affected by the alleged bait-and-switch scheme. He claims USAA increased his premiums after he was involved in two auto accidents that should have been excluded from USAA's calculations of future rate increases. (*Id.* ¶¶ 23-39.) Schupp argues the discrepancy between USAA's advertisements and its pricing algorithm goes back as far as August 17, 2009. (*Id.* ¶¶ 40-67.)

Schupp initially filed suit for declaratory and injunctive relief in the Circuit Court for Frederick County, Maryland. He asserted no underlying causes of action. Instead, Schupp requested the court enter a declaratory judgment pronouncing that USAA "is bound by the terms of its promise" to exclude certain accidents when calculating rate increases. (ECF No. 3, Complaint at ¶¶ 68-70.) Further, Schupp requested an injunction directing USAA to re-rate and synchronize premiums in accordance with the company's advertising promises. (*Id.* ¶¶ 71-74.)

USAA then removed the case to this court under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(b), which permits defendants to remove certain types of class actions to federal court. (ECF No. 1, Notice of Removal.) Schupp argues his case is not, in fact, a "class action." USAA disagrees. The company asserts Schupp's complaint is a class action for two reasons. First, Schupp's complaint contains the following language:

> Should Maryland's Rules of Civil Procedure require, or should USAA insist upon, a traditional Class Action to achieve a fair and equitable outcome, Plaintiff asks that this Complaint be regarded as a Class Action Complaint with Plaintiff as putative Class Representative so that an amendment may be filed and Class Counsel retained.

2

(ECF No. 3, Complaint at ¶ 5.)  Second, USAA argues that Schupp seeks relief "on his own behalf and for the benefit of others similarly situated," at least according to the caption of his complaint. (*Id* at p. 1.)

Schupp now moves this court to remand the case back to state court.  USAA opposes Schupp's Motion to Remand (ECF No. 17) and separately moves to dismiss the case for failure to exhaust administrative remedies (ECF No. 20).

## II.     Legal Standard

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  On a motion to remand, the burden of demonstrating the propriety of removal rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).

Generally, removal jurisdiction is strictly construed.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)).  "Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."  *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012).  That said, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Still, a court must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

### III.     Analysis

Schupp's motion to remand raises the question of whether his complaint is a "class action" as defined by CAFA. Because the answer is no, the court will remand the case.

Generally, a defendant may remove a case from state court to federal court only if the action could have originally been brought in federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). Federal courts have original jurisdiction over two types of cases: (1) those involving a federal question; and (2) cases with complete diversity of citizenship between/among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Through CAFA, Congress eased the requirements for diversity jurisdiction "to expand subject matter jurisdiction in the federal courts over 'interstate' class actions 'of national importance.'" *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 329 (4th Cir. 2019).

Under CAFA, federal courts have jurisdiction over a "class action" when (1) the parties are minimally diverse, *i.e.*, any member of a class of plaintiffs is a citizen of a state different from that of any defendant; (2) the amount in controversy exceeds $5,000,000, and (3) when the proposed class has at least 100 members. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B). The statute defines "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." *Id.* § 1332(d)(1)(B). "A state statute or rule is 'similar' to Federal Rule of Civil Procedure 23 if it closely resembles Rule 23 or is like Rule 23 in substance or in essentials." *W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011), *cert. denied*, 565 U.S. 1059 (2011) (hereafter, "*McGraw*"). Distilled to its core, Rule 23 provides that "one or more members of a class may sue or be sued as representative

parties on behalf of all members only if" the criteria for numerosity, commonality, typicality, and adequacy of representation are satisfied.  *See* FED. R. CIV. P. 23(a).

Here, Schupp did not file his complaint under a Maryland statute or rule similar to Rule 23.  In fact, Schupp's complaint does not mention any specific statute or rule.  The only mention of a class action comes from a single sentence in his complaint.  There, Schupp speculates about a hypothetical situation in which he would amend his complaint to seek class-wide relief, but only if "Maryland's Rules of Civil Procedure require[d]" him to do so, or if "USAA insist[ed] upon a traditional [c]lass [a]ction."  (ECF No. 3, Complaint at ¶ 5.)  Schupp's conditional language does not turn his complaint into a class action.  For jurisdictional purposes, the court may only "examine the case 'as of the time it was filed in state court.'"  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (citing *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998)).  Schrödinger's class action does not exist—a complaint either seeks class-wide relief, or it does not.  Whether Schupp might, at some point, transform his case into a class action is irrelevant to federal jurisdiction.  *See id.* ("[F]ederal jurisdiction cannot be based on contingent future events.").

USAA's attempt to enlarge CAFA's definition of "class action" by pointing to legislative history has already been rejected by the Fourth Circuit in *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d at 174.[2]  Specifically, USAA uses Senate Report 109-14 to contend "[CAFA's] application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff."  (Def. Opp'n to Mot. to Remand at 3, citing S. Rep. 109-14, 35, 2005

---

[2] USAA attempts to distinguish *McGraw* by noting that case dealt with a *parens patriae* suit by the West Virginia Attorney General, who was not a member of the putative class of consumers the lawsuit sought to benefit.  While that is true, the Fourth Circuit's reasoning applies with equal force here.  Like USAA, the defendant in *McGraw* tried to "transform[]" the plaintiff's complaint into a class action "on the basis that the [plaintiff] somehow mispleaded his case, disguising what would otherwise be a CAFA class action."  *See* 646 F.3d at 178.  Other courts across the country have similarly rejected attempts to shoehorn representative actions into CAFA's definition of "class action."  *See Nessel ex rel. Michigan v. AmeriGas Partners*, L.P., 954 F.3d 831, 836 (6th Cir. 2020) (collecting cases from four different circuits).

U.S.C.C.A.N. 3, 34.) "Senate Report 109–14, however, was issued 10 days after CAFA was signed into law, and for that reason alone, it is a questionable source of congressional intent." *See McGraw*, 646 F.3d at 177. Because that legislative history is "hardly probative," *id.*, the court does not factor it into its analysis.[3]

Schupp's caption to his lawsuit is similarly immaterial to the court's analysis. USAA asserts that Schupp's case is a representative action because he sues "on his own behalf and for the benefit of others similarly situated." (ECF No. 17 at p. 3, citing Complaint, ECF No. 3, at p. 1.) These sorts of labels, however, are not transformative for CAFA purposes. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 852 (9th Cir. 2020) (holding that a case was not a class action where the complaint said the plaintiff was suing "individually and on behalf of all others similarly situated"). Again, the court must gauge the complaint's "substance" when deciding whether a claim falls under CAFA's jurisdictional orbit. That obligation requires the court to look beyond Schupp's passing (if not puffing) reference to aggregate litigation in the complaint. *McGraw*, 646 F.3d at 174*; see also Canela*, 971 F.3d at 855 (rejecting defendant's test that would have "consider[ed] only the formal labels and allegations in a complaint" when assessing whether a claim was a "class action" under CAFA).

---

[3] Judge Ronald Lee Gilman made an identical legislative history argument in his *McGraw* dissent. 646 F.3d at 183. But that is not the only argument USAA advances from the *McGraw* dissent. For example, USAA defines class action as "[a] lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group . . . ." (ECF No. 17 at p. 3, citing Black's Law Dictionary 284 (11th ed. 2019)). The *McGraw* majority explicitly rejected Judge Gilman's use of the same definition. *See* 646 F.3d at 175 n.1. (Niemeyer, J.) ("The dissent contends that for CAFA purposes, an action is 'similar' to a class action when it is brought under a procedure which 'authorizes a single person or a small group of people to represent the interests of a larger group.' *Post*, at 179 (quoting Black's Law Dictionary 284 (9th ed. 2009)). Although this definition captures an important aspect of class actions, it is also incomplete. All class actions are representative in nature; but not all representative actions are necessarily class actions.").

Here, Schupp's complaint is not sufficiently similar in substance to a class action under Rule 23.[4]  While USAA parses Schupp's complaint for language that may support a hypothetical motion for class certification, significant barriers exist to class-wide relief.  For example, Schupp's claim turns on USAA's alleged promise to exclude from consideration certain types of accidents when calculating Schupp's premiums.  (*See* Compl. ¶ 37, describing "USAA's promise to Plaintiff").  Nothing in the complaint suggests anybody other than Schupp relied on that alleged misrepresentation.  The lack of typicality could prove fatal in a motion for class certification.  *See, e.g.*, *Fine v. ConAgra Foods, Inc.*, No. CV 10-01848 SJO CFOX, 2010 WL 3632469, at *3 (C.D. Cal. Aug. 26, 2010) (denying class certification on typicality grounds because injury could only be established by consumers relying on the defendant's statements); *Salon Fad v. L'Oreal USA, Inc.*, No. 10 CIV. 5063 DLC, 2011 WL 4089902, at *7 (S.D.N.Y. Sept. 14, 2011) (explaining the inherent difficulties of using class actions in false advertising claims).  And although Schupp makes reference to seeking potential class counsel in the event the court denies his request to remand, (ECF No. 13-2 at p. 3 n.2), currently, Schupp is self-represented, which may pose an adequacy issue under Rule 23(a)(4).  *See, e.g., Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (explaining why *pro se* plaintiff did not satisfy Rule 23(a)(4)'s adequacy requirement). These patent impediments to class treatment mitigate against construing Schupp's complaint as a class action for purposes of CAFA.

---

[4] Notably, Schupp did not file his claim under Maryland Rule 2-231, the state counterpart to Rule 23.  *See McGraw*, 646 F.3d at 175 ("West Virginia Civil Rule of Procedure 23 would satisfy the 'similarity' requirement, but it was not invoked here.").

To be sure, Schupp's complaint paints with a broad brush insofar as the potential benefit to USAA Maryland policy holders should he prevail.[5] But Schupp is the master of his complaint and is not beholden to USAA's interpretation of it. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). In sum, the grounds for removal presented by USAA hinge on Schupp's complaint falling within CAFA's definition of a "class action." It does not.

### IV.  *Conclusion*

For the foregoing reasons Plaintiff Schupp's Motion to Remand will be granted and Defendant USAA's Motion to Dismiss will be denied as moot. This case shall be closed and remanded to the Circuit Court for Frederick County, Maryland. The court will issue an accompanying order in accordance with this memorandum opinion.

/S/

Julie R. Rubin
United States District Judge

February 6, 2023

---

[5] According to Schupp, his reference to other individuals who have been overcharged by USAA was not an attempt to create an actual or pseudo class action. Rather, Schupp avers that he endeavors to be the benefactor of offensive non-mutual collateral estoppel to his USAA policy holding brethren. (ECF No. 13-2, p. 3). The court need not opine on the likelihood of that strategy succeeding. Schupp's rationale, viable or not, provides a plausible explanation for his broad request for relief.